IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBIN GOODSPEED, et al., | |
| Plaintiffs, | |
| vs. | Case No: 18-CV-19-F |
| MATT MEAD, et al., | |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND RECUSAL AND NOTICE OF INTENT TO IMPOSE FILING RESTRICTIONS UPON PLAINTIFFS**

This matter is before the Court on Plaintiff Gunter's Motion for Reconsideration under Rule 59 and 60 (Doc. 33), Plaintiff Gunter's Motion for Leave to File Excess Pages regarding Memorandum in Support of the Motion for Reconsideration (Doc. 34), Plaintiff Kohl's Motion for Recusal (Doc. 38), Plaintiff Goodspeed's Motion to Set Aside the Final Order Pursuant to FRCP 59 and 60 and Notice of Filing an Amended Complaint Pursuant to FRCP 15 (Doc. 39). The Court previously dismissed Plaintiffs' claims with prejudice (Doc. 29). The Court has considered the motions along with a number of other documents, including attachments and is fully informed in the premises.

Further, as evidenced by the sheer number of lawsuits Plaintiffs have filed, and their pattern of abusive litigation tactics in those suits and this suit, the Court finds that it is appropriate to disallow further motions in this case. Based on Plaintiffs' pattern of conduct, the Court is considering imposing filing restrictions on Plaintiffs. Left

unchecked, the Court is concerned that Plaintiffs' abusive practices will continue in the District of Wyoming. Consequently, the Court is providing Plaintiffs notice and opportunity to respond to the Court's intention to place filing restrictions upon them.

## DISCUSSION

### *Motions to Set Aside and Reconsider*

Plaintiff Gunter filed a Motion for Reconsideration under Rule 59 and 60 (Doc. 33), Plaintiff Goodspeed filed a Motion to Set Aside the Final Order Pursuant to FRCP 59 and 60 and Notice of Filing an Amended Complaint Pursuant to FRCP 15 (Doc. 39), and Plaintiff Kohl filed a Motion for Recusal and Motion Pursuant to FCRP 59 to Reconsider (Doc. 38). Plaintiffs ask the Court to reconsider its prior Order dismissing Plaintiffs' claims. (Doc. 29).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012). Altering or amending a judgment is appropriate in three circumstances: (1) an intervening change in the controlling law has occurred, (2) new evidence previously unavailable is now available, or (3) alteration or amendment is necessary to correct clear error or to prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A court can alter or amend its judgment if it has misapprehended the facts, a party's position, or the controlling law. *Id.* A court should not alter or amend its judgment, however, where the motion asks the court to revisit

issues the court already has addressed or where the moving party advances arguments that could have been raised in a prior briefing. *Id.*

Rule 60(b) provides,

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Here, Gunter's motion does not contain any arguments relating to Rules 59 or 60. Instead, his motion is replete with demands that the Court reverse its Order Dismissing the Complaint and that the judge recuse herself, along with personal attacks on this Judge's character and impartiality, and threats of impeachment. Gunter's only mention of new evidence, as required by Rule 59(e) is "the Wyoming State legislature [sic] is introducing the Marriage and Constitution Restoration Act." (Doc. 33 at 3). Proposed legislation does not constitute new evidence. Gunter also filed a lengthy memorandum in support of his motion which reiterates the same arguments as the dismissed Complaint. Similarly, Goodspeed's motion does not contain any arguments under Rules 59 or 60. Goodspeed's motion focuses on the Establishment Clause and continues to attempt to

3

litigate the same arguments the Court already dismissed.[1] The remainder of Goodspeed's motion contains the same allegations and threats as Gunter's motion along with threats of prosecution and detainment by the Wyoming National Guard. Plaintiff Kohl's motion contains similar statements. As such, Plaintiffs' motions for reconsideration are DENIED.

Plaintiffs also seem to believe their Complaint was dismissed because it was filed pro se. However, that is not the case. Plaintiffs' Complaint was dismissed because it seeks relief that this Court cannot provide. The personal attacks and threats are unnecessary. If Plaintiffs believe they have asserted a claim, they have a judicial remedy of appealing to the Tenth Circuit.

*Motion for Recusal*

Plaintiff Kohl filed a motion for recusal, and Plaintiffs Gunter and Goodspeed's motions to reconsider also demand this Judge recuse herself. A United States District Court judge "shall disqualify [herself] in any proceeding which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall disqualify herself "only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). A motion to recuse is insufficient if it is solely based on "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Id.* "A judge should not recuse [herself] on unsupported, irrational, or highly tenuous speculation."

---

[1] Goodspeed also filed an Amended Complaint (Doc. 39-2). The Court's dismissal of Plaintiffs' claims with prejudice was a final decision on the merits, as such, Plaintiffs may not file an amended complaint in this matter.

4

*Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted). Additionally, motions to recuse based on prior adverse rulings against the litigants are insufficient. *Cooley*, 1 F.3d at 993–94.

Plaintiffs base their motions on the Court's previous order dismissing their complaint for failure to state a claim. Plaintiffs also base their motions on their heated opinions and conclusions about this Judge because she dismissed their claims. Disagreement with the Court's ruling is not a basis for recusal. As such, Plaintiffs' motions for recusal are DENIED.

Additionally, the Court will not accept any further filings in this docket, except for those filings related to the Court's intention to impose filing restrictions. This case is closed as to the claims in Plaintiffs' complaint. As the Court previously noted, Plaintiffs' relief is to take an appeal to the Tenth Circuit Court of Appeals, not to continue to file abusive motions and filings in this case. The Court will not consider any further motions related to their Complaint.

*Filing Restrictions*

"[T]he right of access to the courts is neither absolute nor unconstitutional and there is not constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citations omitted). Rather, "[f]ederal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id.* Further, the Tenth Circuit has upheld filing restrictions

5

that extend beyond the district in which the abuse occurred to include all federal district courts within the Tenth Circuit. *Id.* at 1344.

Based on Plaintiffs' pattern of abusive litigation, the Court fully expects Plaintiffs will continue to file abusive pleadings and other filings. It is within the inherent power of the Court to issue pre-filing injunctions where, as here, a party "has engaged in a pattern of litigation activity which is manifestly abusive." *Johnson v. Crowley*, 872 F.2d 342, 344 (10th Cir. 1989); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (approving restrictions on litigants with a documented lengthy history of vexatious, abusive actions).

In *Tripati v. Beaman*, the Tenth Circuit found that filing injunctions are proper where (1) a litigant's abusive and lengthy history is properly set forth; (2) the court provides guidelines as to "what the plaintiff must do to obtain the court's permission to file an action;" and (3) the party is given notice and an opportunity to oppose the court's order before it is instituted. 878 F.2d 351, 353-54 (10th Cir. 1989).

Here, Plaintiffs have a relatively short but troubling history of abusing the federal court system. Since the Supreme Court's decision in *Obergefell v. Hodges*, Plaintiffs, together and separately, have filed numerous lawsuits around the country in an attempt to overturn *Obergefell* or "in the alternative", to get the courts to recognize a right to marry an object, an animal, or polygamy. The sheer number of lawsuits filed by Plaintiffs, thus far, none of which have been found to have any merit, speaks to the need to impose filing restrictions upon Plaintiffs to stop their abuse of the court system.

Plaintiffs Gunter, Sevier, Harley, and Kohl have brought numerous federal court proceedings, both together and separately. *See Penkowski et al. v. Justice, et al.*, N.D.

W.Va., 18-CV-10 (suit pending); *Harley et al. v. Abbott et al.*, N.D. Tex., 17-CV-3073 (suit pending); *Sevier v. Burgum*, D. N.D., 2017 U.S. Dist. LEXIS 195003; *Kohl et al v. Hutchinson et al.*, E.D. Ark., 17-CV-598 (suit pending); *Gunter et al. v. Bryant et al.*, N.D. Miss., 17-CV-177 (suit pending); *Sevier et al. v. Ivey et al.*, N.D. Ala., 17-CV-1473 (suit pending); *Sevier et al v. Brown et al.*, N.D. Cal., 17-CV-5046 (suit pending); *Sevier v. Hickenlooper*, D.Colo., 2018 WL 472454; *Harley v. Masterpiece Cake Shop Ltd.*, D. Colo., 2018 WL 472454; *Sevier et al. v. Herbert*, D. Utah, 16-CV-386; *Sevier v. Fallin et al.*, W.D. Okla., 17-CV-1154; *Sevier v. Governor of Ohio et al.*, S.D. Ohio, 17-CV-700 (suit pending); *Sevier v. Kim Davis*, 17-5654 (6th Cir. 2017) (pending appeal of District Court's dismissal of Plaintiffs' claims under the Establishment and Supremacy Clauses and right to marry an object and an animal); *Sevier v. Lowenthal et al.*, D. D.C., 17-CV-570 (suit pending); *Sevier v. Jewell et al.*, 16-3336 (2nd Cir. 2016) (appeal dismissed); *Sevier v. Thompson et al.*, D. Utah, 16-CV-659 (suit pending); *Sevier v. Haley*, D. S.C., 2016 U.S. Dist. LEXIS 106335; *Sevier v. Abbott*, S.D. Tex, 16-CV-347; *Sevier v. Haslam et al.*, M.D. Tenn., 16-CV-134.

To the best of the Court's knowledge, no district has imposed filing restrictions on Plaintiffs. The Court is giving Plaintiffs notice that based on their pattern of abusive litigation, the Court is considering imposing filing restrictions upon them. Plaintiffs have ten (10) days from the date of this order and judgment to file written objections, limited to fifteen pages, to the proposed filing restrictions. If they do not file timely objections, the filing restrictions will take effect twenty days from the entry of this order and judgment. If they do file timely objections, these filing restrictions will not take effect

unless the Court rules against Plaintiffs on their objections, in which case these filing restrictions shall apply to any filing within the District of Wyoming after that ruling.

If Plaintiffs fail to respond, the Court will issue an Order requiring that they be prevented from proceeding as a plaintiff or petitioner in any civil matter related to how *Obergefell v. Hodges* violates the Establishment Clause or asserting a right to marry an object, an animal, or the right to plural marriage, in any federal district within the District of Wyoming, without regard to whether they file in an original proceeding or as part of an appeal or extraordinary writ, without the representation of a licensed attorney admitted to practice law in the State of Wyoming, unless they first obtain permission from the district court to proceed *pro se*. In order to obtain permission to proceed *pro se* Plaintiffs will be required to:

1) pay the appropriate filing fees in a timely fashion;

2) file a petition with the Clerk of the Court requesting leave to file a pro se action;

3) include in the petition the following information:

   a. a list of all lawsuits currently pending or filed before this Court or any other state or federal court, including the name, number and citation, if applicable, of those cases, and a statement indicating the nature of Plaintiffs' involvement in the matter and the current status or disposition of those proceedings;

   b. a list of all appeals in any federal district court or circuit court or any state court in which judgment was rendered against Plaintiffs

(including cases where the action was dismissed), and if applicable, a list indicating the amount of any judgment or sanctions rendered against Plaintiffs, including a statement advising the court whether these judgments or sanctions have been paid and the date of such payment;

c. A list advising the court of all assessments of attorneys' fees, costs, or contempt orders against Plaintiffs arising out of any federal or state trial court, or any appellate court matter involving any of the Plaintiffs, including a brief statement apprising the Court of the circumstances surrounding the assessment of fees, costs or findings of contempt;

d. A list apprising this Court of all outstanding injunctions or orders limiting any of Plaintiffs' access to any state or federal court, including orders or injunctions requiring Plaintiffs to seek leave to file matters pro se or requiring them to be represented by an attorney, including the name, number and citation, if applicable, of all such orders or injunctions;

e. The current street address of each person or entity to be named in the petition;

f. File with the Clerk of the Court a notarized affidavit, in proper legal form, which recites the issues which any of Plaintiffs seek to

present, including a short description of the legal basis asserted along with the following information/statements:

    i. that the claims Plaintiffs wishes to present have never been raised by them in any federal or state court proceeding;

    ii. that the claims Plaintiffs wish to present have never been finally disposed of by any federal or state court, and are not, to the best of their knowledge barred by collateral estoppel, res judicata, or any other legal defense;

    iii. that to the best of their knowledge, the legal arguments are not frivolous or made in bad faith; that the legal arguments are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the matter is not interposed for any improper purpose, such as delay, or needles increase in the cost of litigation or to avoid the valid execution of a judgment; and

    iv. that all Plaintiffs will comply with *all* applicable rules and practice and procedure for this Court.

## CONCLUSION

IT IS ORDERED that Plaintiff Gunter's Motion for Reconsideration under Rules 59 and 60 (Doc. 33) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Gunter's Motion for Leave to File Excess Pages regarding Memorandum in Support of the Motion for Reconsideration (Doc. 34) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to permit the Coalition of Doctors Defending Reparative Therapy to Appear as Amici Curiae (Doc. 35) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File and Permit the American Family Association of PA to appear Amici Curiae in Support of Plaintiffs' Establishment Clause Claims Only and In Support of the Plaintiffs Motion under FRCP 59 and 60 (Doc. 36) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Kohl's Motion for Recusal (Doc. 38) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Goodspeed's Motion to Set Aside the Final Order Dismissing Case Pursuant to FRCP 59 and 60 and Notice of Filing of Amended Complaint (Doc. 39) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File and permit the National Alliance of Black Pastors to Appear Amici Curiae in Partial Support of the Plaintiffs Motion to Set Aside (Doc. 40) is DENIED.

IT IS FINALLY ORDERED that Plaintiffs have ten (10) days from the date of this Order to file written objections, limited to ten (10) pages, to the proposed filing restrictions. If they fail to file timely objections, the filing restrictions will take effect twenty (20) days from the entry of this Order.

Dated this 13 day of February, 2018.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE