Case 2:18-cv-00019-NDF   Document 48   Filed 03/01/18   Page 1 of 6



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

ROBIN GOODSPEED, et al.,

           Plaintiffs,

vs.

MATT MEAD, et al.,

           Defendants.

Case No: 18-CV-19-F

### ORDER IMPOSING FILING RESTRICTIONS ON CHRIS SEVIER a/k/a MARK SEVIER, JOAN GRACE HARLEY, JOHN GUNTER, JR., and WHITNEY KOHL

       This matter is before the Court on its own notice. On February 1, 2018, the Court entered an Order dismissing Plaintiffs' claims with prejudice for failure to state a claim upon which relief may be granted. (Doc. 29). On February 13, 2018, the Court entered an Order denying Plaintiff Gunter's Motion for Reconsideration and his Motion for Leave to File Excess Pages, denying Plaintiff Kohl's Motion for Recusal, Plaintiff Goodspeed's Motion to Set Aside the Final Order, and various motions for leave to file amicus briefs. (Doc. 43). In that Order, the Court provided Plaintiffs' notice and an opportunity to respond to the Court's intention to place filing restrictions on them. Plaintiffs Goodspeed, Gunter, and Harley responded. (Docs. 44, 45, 46). The Court has considered Plaintiffs' responses and finds as follows.

       The Court is convinced that left unchecked Plaintiffs' abusive practices will continue in the District of Wyoming. Consequently, the Court is imposing filing restrictions on Plaintiffs.

## ANALYSIS

"[T]he right of access to the courts is neither absolute nor unconstitutional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citations omitted). Rather, "[f]ederal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. Further, the Tenth Circuit has upheld filing restrictions that extend beyond the district in which the abuse occurred to include all federal district courts within the Tenth Circuit. *Id*. at 1344.

Based on Plaintiffs' pattern of abusive litigation, the Court provided Plaintiffs notice that the Court was considering imposing filing restrictions on them. (Doc. 43).Within that notice, the Court provided a history of Plaintiffs' abusive and lengthy history; the guidelines Plaintiffs would have to follow in order to obtain the Court's permission to file an action; and notice and an opportunity to oppose the Court's order.

Plaintiffs Gunter, Goodspeed, and Harley separately responded to the Court's order. In their responses, Plaintiffs' failed to provide a reason why filing restrictions should not be imposed. Instead, Plaintiffs' responses continue to attack this Judge's impartiality and character, and repeat the same indecipherable arguments put forth in their Complaint and previous pleadings, thereby, reaffirming the necessity of filing restrictions.

Plaintiff Goodspeed differentiates herself from the other plaintiffs by arguing this is the first suit of this kind that she has filed. (Doc. 46 at 8). The Court will not impose

filing restrictions on Plaintiff Goodspeed. However, in the future, this Court will impose filing restrictions if she brings a frivolous claim.

Therefore, with the exception of Plaintiff Goodspeed, the Court finds reasonable and appropriate filing restrictions are necessary to regulate Plaintiffs' abuse of the judicial system in the District of Wyoming. Therefore,

IT IS HEREBY ORDERED that Chris Sevier a/k/a Mark Sevier, John Gunter, Jr., Whitney Kohl, and Joan Grace Harley are hereby ENJOINED from proceeding as a plaintiff or petitioner in any civil matter, in the District of Wyoming, regardless of whether in an original proceeding or as part of an appeal or extraordinary writ, without the representation of a licensed attorney admitted to practice law in the State of Wyoming, unless they first obtain permission from the district court to proceed *pro se*.

IT IS FURTHER ORDERED that, in order to obtain permission to proceed *pro se* each of the plaintiffs will be required to:

1) pay the appropriate filing fees in a timely fashion;

2) file a petition with the Clerk of the Court requesting leave to file a *pro se* action;

3) include in the petition the following information:

    a. a list of all lawsuits currently pending or filed before this Court or any other state or federal court, including the name, number and citation, if applicable, of those cases, and a statement indicating the nature of each of the plaintiffs' involvement in the matter and the current status or disposition of those proceedings;

b. a list of all appeals in any federal district court or circuit court or any state court in which judgment was rendered against each of the plaintiffs (including cases where the action was dismissed), and if applicable, a list indicating the amount of any judgment or sanctions rendered against each of the plaintiffs, including a statement advising the court whether these judgments or sanctions have been paid and the date of such payment;

c. A list advising the court of all assessments of attorneys' fees, costs, or contempt orders against each of the plaintiffs arising out of any federal or state trial court, or any appellate court matter involving any of the plaintiffs, including a brief statement apprising the Court of the circumstances surrounding the assessment of fees, costs or findings of contempt;

d. A list apprising this Court of all outstanding injunctions or orders limiting any of the plaintiffs' access to any state or federal court, including orders or injunctions requiring any of the plaintiffs to seek leave to file matters *pro se* or requiring any of them to be represented by an attorney, including the name, number and citation, if applicable, of all such orders or injunctions;

e. The current street address of each person or entity to be named in the petition;

f. File with the Clerk of the Court a notarized affidavit, in proper legal form, which recites the issues which Plaintiffs seek to present, including a short description of the legal basis asserted along with the following information/statements:

   i. that the claims any of the plaintiffs wish to present have never been raised by her in any federal or state court proceeding;

   ii. that the claims any of the plaintiffs wish to present have never been finally disposed of by any federal or state court, and are not, to the best of her knowledge barred by collateral estoppel, res judicata, or any other legal defense;

   iii. that to the best of her knowledge, the legal arguments are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the matter is not interposed for any improper purpose, such as delay, or needles increase in the cost of litigation or to avoid the valid execution of a judgment; and

iv. that each of the plaintiffs will comply with *all* applicable rules and practice and procedure for this Court.

Dated this 28 day of February, 2018.

*[signature]*

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE